**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 17a0071n.06

No. 16-1316

| | | |
|---|---|---|
| **UNITED STATES COURT OF APPEALS**<br>**FOR THE SIXTH CIRCUIT** | | **FILED**<br>Jan 26, 2017<br>DEBORAH S. HUNT, Clerk |

UNITED STATES OF AMERICA,         )
         )
    Plaintiff-Appellee,        )
         )    ON APPEAL FROM THE UNITED
v.         )    STATES DISTRICT COURT FOR
         )    THE WESTERN DISTRICT OF
LETORRES GEORGE JACKSON,         )    MICHIGAN
         )
    Defendant-Appellant.        )
         )
         )

BEFORE: BOGGS, SILER, and MOORE, Circuit Judges.

PER CURIAM. Letorres George Jackson appeals his sentence. As set forth below, we affirm.

Jackson pleaded guilty to possession with intent to distribute 28 grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(B)(iii). The presentence report attributed Jackson with 2.83 kilograms of cocaine base, corresponding to a base offense level of 34 and resulting in an advisory guidelines range of 135 to 168 months of imprisonment. Jackson objected to that drug quantity. At sentencing, the district court overruled Jackson's objection and adopted the presentence report's guidelines calculation. Granting a downward variance based on Jackson's presentence rehabilitation, the district court sentenced him to 120 months of imprisonment.

In this timely appeal, Jackson contends that the district court clearly erred in holding him responsible for 2.83 kilograms of cocaine base. We review the district court's factual finding as

to the quantity of cocaine base attributable to Jackson for clear error. *United States v. Samuels*, 308 F.3d 662, 670 (6th Cir. 2002). "A drug quantity need only be established by a preponderance of the evidence, and an estimate will suffice so long as it errs on the side of caution and likely underestimates the quantity of drugs actually attributable to the defendant." *United States v. Anderson*, 526 F.3d 319, 326 (6th Cir. 2008) (citation omitted). "[A] district court's approximation of drug quantity is not clearly erroneous if it is supported by competent evidence in the record." *United States v. Jeross*, 521 F.3d 562, 570 (6th Cir. 2008) (citation omitted).

According to the presentence report, Jackson told law enforcement that "he paid approximately $13,000.00 to $17,000.00 for 10 to 12 ounces (283.5 to 567 grams) of cocaine base every three days or so." (RE 26, Presentence Report 4, Page ID # 68). Jackson admitted to supplying Fred Johnson with ounce quantities of cocaine base, charging $1,200 per ounce. Text messages from Johnson's telephone showed that Johnson had been dealing with his source of supply since at least August 7, 2014. The probation officer determined that, based on Jackson's admissions, he would have received 12 shipments, each containing 10 to 12 ounces of cocaine base, from his own source between August 7, 2014, and September 9, 2014, the date of the last shipment. Agreeing with the probation officer's conservative calculation of 10 shipments of 10 ounces of cocaine base, the district court attributed to Jackson a total of 100 ounces or 2.83 kilograms of cocaine base.

Jackson contends that the duration of his drug trafficking was not established by competent and credible evidence, asserting that the government failed to submit any text messages or testimony to establish a connection between him and Johnson's text messages. Jackson does not dispute that he supplied cocaine base to Johnson and that the text messages showed that Johnson had been dealing with his source of supply since at least August 7, 2014.

Instead, Jackson argues that the district court erred in assuming that he was Johnson's sole source of supply during that time frame. Regardless of whether Johnson had other suppliers, Jackson's statement indicated an ongoing relationship with Johnson rather than a one-time deal. Furthermore, Jackson admitted that his own telephone records showed contact with his source of supply in July and August 2014, demonstrating at least two months of drug activity and supporting the district court's conservative estimate of 10 shipments. The information in the presentence report about Jackson's admissions to law enforcement and the telephone records provided the district court with a sufficient basis to approximate the drug quantity without additional evidence. *See United States v. Roark*, 403 F. App'x 1, 3-4 (6th Cir. 2010).

Jackson relies upon *United States v. Walton*, 908 F.2d 1289, 1302-03 (6th Cir. 1990), which is distinguishable because the district court in that case assumed continuous drug dealing over a much longer period of time—two and a half years—without supporting evidence. Here, the district court based its calculation on a duration slightly over a month as supported by Jackson's admissions and the telephone records. The district court followed *Walton*'s instruction to "err on the side of caution" by discounting the number of shipments received by Jackson (10 versus 12 shipments) and the weight of those shipments (10 versus 12 ounces). *Id.* at 1302. The district court did not commit clear error in attributing to Jackson 100 ounces or 2.83 kilograms of cocaine base.

For these reasons, we **AFFIRM** Jackson's sentence.